d

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| RAND S METOYER ET AL, <br> Plaintiff | CIVIL DOCKET NO. 1:24-CV-01248 |
| VERSUS | JUDGE DRELL |
| MERCEDES-BENZ U S A L L C ET <br> AL, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), or in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 16) filed by Defendant Ultimate Toys, Inc. ("Ultimate Toys"). Plaintiffs Rand S. Metoyer and Darlene Metoyer ("Plaintiffs") oppose the Motion (Doc. 30). Because the parties are bound by a mandatory forum-selection clause, Ultimate Toys's alternative request to transfer venue should be GRANTED. Plaintiffs' claims against Ultimate Toys should be SEVERED and TRANSFERRED to the United States District Court for the Southern District of Ohio. Ultimate Toys's motion to dismiss for lack of personal jurisdiction should thus be DENIED AS MOOT.

## I.   Background

Plaintiffs bought a customized 2024 Mercedes-Benz Sprinter van (the "Vehicle") from Ultimate Toys (Doc. 1). Ultimate Toys is an Ohio corporation headquartered in Loveland, Ohio (Doc. 16-1). Plaintiffs reside in Louisiana (Doc. 1).

1

To initiate the purchase, Plaintiffs contacted Ultimate Toys in Ohio (Doc. 16-1). The parties negotiated by phone and email (Doc. 16-1). On September 7, 2023, Plaintiffs and Ultimate Toys executed a "Purchase Agreement" via electronic signature (Doc. 16-1, Ex. 1). The Purchase Agreement contains a forum-selection clause, which provides: "Any action brought by either party against the other in any court, whether federal or state, may be brought only within courts located in Hamilton County, Ohio. The parties hereby submit to the exercise of personal jurisdiction by these courts and waive any defense of lack of personal jurisdiction or improper venue for the purpose of carrying out this provision" (Doc. 16-1, Ex. 1, § 22).

Following the Vehicle's delivery to Louisiana, Plaintiffs filed suit in this Court against Ultimate Toys and Mercedes-Benz USA, LLC ("MBUSA") (Doc. 1). Plaintiffs allege the Vehicle suffers from redhibitory defects (Doc. 1). Redhibition is a contract-based remedy under Louisiana law. These claims arise directly from the Purchase Agreement. Ultimate Toys filed the instant Motion, arguing the Court lacks personal jurisdiction over it under Fed. R. Civ. P. 12(b)(2) (Doc. 16). Alternatively, Ultimate Toys asks the Court to enforce the forum-selection clause and transfer Plaintiffs' claims against it to the Southern District of Ohio under 28 U.S.C. § 1404(a) (Doc. 16). MBUSA answered the lawsuit and did not join the Motion (Doc. 6).

II.     <u>Law and Analysis</u>

A.      <u>The Court may decide venue before personal jurisdiction.</u>

The Court has discretion to address venue before personal jurisdiction. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (superseded by statute); *see*

*also In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008). When a valid forum-selection clause dictates transfer, deciding venue first promotes judicial economy and avoids unnecessary constitutional analysis of personal jurisdiction.

B.      <u>The forum-selection clause is mandatory and enforceable.</u>

A forum-selection clause is enforced through a motion to transfer venue under 28 U.S.C. § 1404(a). *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). When a contract contains a valid forum-selection clause, it reflects the parties' agreement on the most appropriate forum. *Id.* at 63. A valid forum-selection clause should be given controlling weight in all but the most exceptional cases. *Id.* at 60.

In analyzing a forum-selection clause under § 1404(a), the plaintiff's choice of forum merits no weight. *Id.* at 63. The court considers only public-interest factors. *Id.* at 64. The party defying the clause bears the burden of showing that public-interest factors overwhelmingly disfavor transfer. *Id.* at 67.

A forum-selection clause is presumptively valid. *Weber v. PACT XPP Tech., AG*, 811 F.3d 758, 773 (5th Cir. 2016). It is mandatory if it contains clear language specifying that litigation must occur in the designated forum. *Id.* at 768. Here, the clause states that "[a]ny action brought by either party against the other . . . may be brought only within courts located in Hamilton County, Ohio" (Doc. 16-1, Ex. 1, § 22). The word "only" makes the clause mandatory.

Plaintiffs argue the clause does not apply because the Purchase Agreement was "fulfilled" (Doc. 30). These arguments lack merit. The clause broadly applies to

"[a]ny action brought by either party against the other" (Doc. 16-1, Ex. 1, § 22). Under Fifth Circuit precedent, such broad clauses apply to all claims arising out of the parties' relationship. *See Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998). Plaintiffs' redhibition claims stem directly from the purchase transaction. Plaintiffs primarily raise private-interest arguments, which are irrelevant when a valid forum-selection clause exists. *Atl. Marine*, 571 U.S. at 64; *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013).

Although Darlene Metoyer did not sign the Purchase Agreement, she is bound by the forum-selection clause under the doctrine of direct-benefits equitable estoppel. A non-signatory is bound when they "knowingly exploit the agreement" containing the clause or assert entitlement to benefits that would not exist but for the agreement. *See Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517–20 (5th Cir. 2006). Here, Mrs. Metoyer's claims for redhibition and breach of warranty are based directly on the Purchase Agreement; she cannot seek the benefits of the purchase while disclaiming the forum-selection clause in the contract that facilitated it.

C.    <u>Plaintiffs' claims against Ultimate Toys should be severed and transferred.</u>

MBUSA is not a party to the Purchase Agreement. Ultimate Toys requested transfer of "only the claims against it" (Doc. 16). Under Fed. R. Civ. P. 21, a district court has broad discretion to sever and transfer claims to a more appropriate forum. *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014); *Defense Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022).

4

Severance and transfer are appropriate unless the non-transferring defendant is indispensable. *In re Rolls Royce Corp.*, 775 F.3d at 681; *Buc-ee's, Ltd. v. Bucks, Inc.*, 262 F. Supp. 3d 453, 466 (S.D. Tex. 2017). MBUSA is not an indispensable party to the claims against Ultimate Toys. Severing the claims enforces the valid clause without improperly binding MBUSA. Therefore, claims against Ultimate Toys should be transferred to the Southern District of Ohio. The motion to dismiss under Rule 12(b)(2) is consequently moot.

## III.    Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Ultimate Toys's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue (Doc. 16) be GRANTED as to the alternative request to transfer venue and DENIED AS MOOT as to the motion to dismiss.

IT IS RECOMMENDED that Plaintiffs' claims against Ultimate Toys be SEVERED and TRANSFERRED to the United States District Court for the Southern District of Ohio under 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

5

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, March 16, 2026.

_____

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE